IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EZEQUIEL RIVERA,<br>    Plaintiff,<br><br>v.<br><br>ACE FIRE UNDERWRITERS<br>INSURANCE COMPANY, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:   CIVIL ACTION NO. 24-CV-2610<br>:<br>:<br>:<br>: |

MEMORANDUM

**MARSTON, J.**                                                                                                                         **July 11, 2024**

      *Pro se* Plaintiff Ezequiel Rivera brings this civil action against his former employer, Nestle USA, Inc.; Nestle's worker's compensation insurance carrier, Ace Fire Underwriters Insurance Company; and Ace Fire's insurance agent, Sedgwick Claims Management Services, Inc. (*See* Doc. at 2 at 2.) Rivera seeks leave to proceed *in forma pauperis*. (Doc. No. 1.) For the following reasons, the Court will grant Rivera leave to proceed *in forma pauperis* and dismiss the Complaint on statutory screening for lack of subject matter jurisdiction and improper venue.

**I.    BACKGROUND**[1]

      Rivera is a citizen of Wisconsin and was employed by Nestle USA in Wisconsin until March 3, 2023.[2] (Doc. No. 2 at 3.) A few days before he was terminated, on February 26, 2023, Rivera was "injured in a workplace incident involving a co-worker," and he filed a worker's

---

[1] The facts set forth in this Memorandum are taken from Rivera's Complaint (Doc. No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] The Court presumes that Rivera filed his Complaint in the Eastern District of Pennsylvania because Defendant Ace Fire's principal place of business is located in Philadelphia, Pennsylvania.

compensation claim pursuant to the Wisconsin Worker's Compensation Act, Wis. Stat. § 102.01. (*Id*. at 4.)

Rivera alleges that Nestle terminated his employment in retaliation for him filing the worker's compensation claim and an unrelated Title VII claim. (*Id*.) Rivera also alleges that Ace Fire, Nestle's worker's compensation carrier, delayed providing Rivera benefits during this time, causing Rivera "significant hardship." (*Id*.) Specifically, Rivera did not receive necessary surgery for his injuries until May 16, 2023. (*Id*.) And he claims that both Nestle and Ace Fire have refused to "take[ ] responsibility" for a second surgery that was scheduled for May 17, 2024. (*Id*.)

Rivera states that Sedgwick, the claims agent serving as "a third-party administrator on behalf of Ace Fire," was also responsible for delaying and reducing his worker's compensation benefits during the last year. (*Id*. at 5.) According to Rivera, Sedgwick manipulated medical evaluations to result in a lower permanent partial disability (PPD) rating. (*Id*.) And based on that "unwarranted [PPD] rating" Ace Fire erroneously reduced Rivera's monthly workers' compensation payments. (*Id.* at 4.)

In addition to these claims, Rivera alleges that Nestle and Ace Fire have "continued to harass" Rivera since his termination by hiring private investigators to follow him. (*Id*.)

Based on these allegations, Rivera asserts five causes of action: (1) fraud; (2) bad faith; (3) intentional infliction of emotional distress; (4) violations of the Wisconsin Worker's Compensation Act; and (5) retaliation based on his having filed a Title VII claim. (*Id*. at 2.) For relief, he seeks money damages and an order directing Defendants to "take responsibility for [his] necessary medical treatments." (*Id*. at 6.)

II.     **STANDARD OF REVIEW**

The Court grants Rivera leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs for filing this lawsuit. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the Complaint if it fails to state a claim. The court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[ ] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [ ] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Rivera is proceeding *pro se*, the Court liberally construes the allegations in his Complaint. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 245 (3d Cir. 2013)).

Under this standard, the court must dismiss a *pro se* complaint if it determines that the action fails to set forth a proper basis for subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) ("[A]n objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the

3

party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.     DISCUSSION

Rivera's Complaint includes four state law claims under Wisconsin law and one claim under Title VII.  The Court addresses each category of claims in turn.

#### A.     State Law Claims

Rivera brings four state law counts based on Wisconsin law:  (1) fraud, (2) bad faith, (3) intentional infliction of emotional distress, and (4) violations of Wisconsin's Worker's Compensation Act.  (Doc. No. 2 at 5.)  Each count targets Defendants' handling of his worker's compensation claim.  He alleges "financial and emotional distress" as a result of Defendants' actions to delay his benefits, reduce his benefits, hire private investigators to follow him, and refuse to take responsibility for a second surgery.  He asserts tort claims and claims based on alleged violations of Wisconsin's Worker's Compensation Act.  Because Rivera's claims relate to his worker's compensation benefits, the Court lacks jurisdiction to review them.

Wisconsin's Worker's Compensation Act provides that before filing a lawsuit challenging a worker's compensation decision, an employee must first exhaust administrative remedies.  Specifically, if an employee's claim is denied in full or in part, or the employee believes they are entitled to further benefits, they may request a formal hearing with an administrative law judge ("ALJ") with the Wisconsin Department of Workforce Development's Worker's Compensation Division, which in turn reviews the claim and issues a decision.  *See* Wis. Stat. § 102.17; *see also* https://dwd.wisconsin.gov/wc/workers/ (last accessed July 8, 2024). If the employee wishes to challenge the ALJ's decision, they may appeal that decision to Wisconsin's Labor and Industry Review Commission ("LIRC").  *See* Wis. Stat. Ann. 102.18; *see also* https://dwd.wisconsin.gov/wc/workers/ (last accessed July 8, 2024).  LIRC decisions may

4

then be appealed to the Wisconsin Circuit Court. *See* Wis. Stat. § 102.23; *see also* https://dwd.wisconsin.gov/wc/workers/ (last accessed July 8, 2024).[3]

Under the Act, this procedure is the exclusive remedy for an employee wishing to file suit against "the employer, any other employee of the same employer and the worker's compensation insurance carrier." Wis. Stat. § 102.03(2); *see also Walstrom v. Gallagher Bassett Servs., Inc.*, 620 N.W.2d 223, 224 (Wis. Ct. App. 2000) ("The Worker's Compensation Act grants an employer, employees of the employer, and the employer's worker's compensation insurance carrier immunity from common-law liability."). The exclusive remedy provision "attempts to effect a compromise between the competing interest of the employer and employee." *Walstrom*, 620 N.W.2d at 224. "'The worker is benefited by certain recovery irrespective of his own fault and irrespective of the employer's absence of fault.'" *Id*. (quoting *Mulder v. Acme-Cleveland Corp.*, 290 N.W.2d 276, 280 (Wis. 1980)). "In return, the worker is limited to a scheduled compensation award and may not pursue an action for damages against the employer, other employees or the worker's compensation insurer." *Id*.

Wisconsin courts have interpreted the Act's exclusive remedy provision to apply not only to claims asserted against the employer and the worker's compensation insurer, but also to claims asserted against agents of the insurer, including claims agents like Sedgwick. *See Walstrom*, 620 N.W.2d at 225. The exclusive remedy provision also applies to tort claims alleged in connection with the handling of the worker's compensation claim. *See Mulder*, 290 N.W.2d at 281 ("Thus this court has consistently construed the act as substituting an employer's statutory liability and has upheld the employer's immunity from all tort liability granted by the Act; and has repeatedly refused to permit that immunity to be impaired or circumvented."

---

[3] The Complaint is silent as to Rivera's attempts to exhaust administrative remedies.

(quoting *Guse v. A.O. Smith Corp.*, 51 N.W.2d 24, 27 (Wis. 1952))); *see also Walstrom*, 620 N.W.2d at 224–25 (dismissing negligence claims asserted against worker's compensation claims agent based on a delay in authorizing neck surgery because the claims agent was immune from tort liability due to the exclusive remedy provision of the Worker's Compensation Act).

Here, Rivera asserts that he obtained some benefits pursuant to the Wisconsin Worker's Compensation Act and that he was dissatisfied with those benefits. (*See* Doc. No. 2 at 3–6.) This dissatisfaction is the basis for his state law claims for fraud, bad faith, and intentional infliction of emotional distress, as well as his claims for violations of Wisconsin's Worker's Compensation Act. (*See id.* at 5.) Accordingly, the Court lacks jurisdiction over these claims. *See Rodriguez v. Lab. & Indus. Rev. Comm'n*, No. 08-147, 2008 WL 496161, at *2 (E.D. Wis. Feb. 21, 2008) (dismissing on statutory screening under 28 U.S.C. 1915(e) claims related to worker's compensation benefits as "not cognizable in federal court" because the plaintiff's "remedy lies with the LIRC")[4]; *Jones v. Iron Workers Loc. 8*, No. 19-41, 2019 WL 1211407, at *2 (E.D. Wis. Jan. 29, 2019), *report and recommendation adopted*, 2019 WL 1200082 (E.D. Wis. Mar. 14, 2019) (observing that challenges to the denial of worker's compensation benefits "is a matter of state law and not cognizable in federal court"); *McFarlane v. Remedy Intelligent Staffing*, No. 18-226, 2018 WL 2464487, at *2 (W.D. Wis. June 1, 2018) (dismissing complaint for lack of subject matter jurisdiction and stating that if plaintiff "wants to pursue his grievances

---

[4] Wisconsin employees must first exhaust administrative remedies before filing a lawsuit. Specifically, if an employee's claim is denied in full or in part, or the employee believes they are entitled to further benefits, they may request a formal hearing with an administrative law judge ("ALJ") with the Department of Workforce Development's Worker's Compensation Division, who in turn reviews the claim and issues a decision. *See* Wis. Stat. § 102.17; *see also* https://dwd.wisconsin.gov/wc/workers/ (last accessed July 8, 2024). If the employee wishes to challenge the ALJ's decision, they may appeal that decision to Wisconsin's Labor and Industry Review Commission ("LIRC"). *See* Wis. Stat. § 102.18; *see also* https://dwd.wisconsin.gov/wc/workers/ (last accessed July 8, 2024). LIRC decisions may then be appealed to the Wisconsin Circuit Court. *See* Wis. Stat. § 102.23; *see also* https://dwd.wisconsin.gov/wc/workers/ (last accessed July 8, 2024). The Complaint is silent about Rivera's attempts to administratively exhaust his claims.

[regarding his worker's compensation benefits], he will have to do so through . . . Wisconsin's [LIRC] or the state court system, depending on the stage of his claims").

        **B.**      **Title VII Claim**

That leaves Rivera's federal retaliation claim. That claim also fails because this Court is the wrong venue for such a claim. Title VII contains its own venue provision stating that an action under Title VII "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ." 42 U.S.C. § 2000e-5(f)(3). None of those criteria are satisfied based on the facts alleged in Rivera's Complaint.

**IV.**      **CONCLUSION**

For the foregoing reasons, the Court grants Rivera leave to proceed *in forma pauperis* and dismisses his Complaint without prejudice for lack of subject matter jurisdiction and improper venue. An appropriate Order follows.